## No. 8750.

DENVER & RIO GRANDE RAILROAD COMPANY EMPLOYEE'S·
RELIEF ASSOCIATION *v.* RISHMILLER ET AL.

CHARITABLE ASSOCIATION—*Charter Construed.* Defendant was an association of the officers and employees of a railway company, incorporated under Gen. Laws 1877, sec. 224. The purpose, as stated in the articles of association, was, by the collection of monthly dues from the members, to create a fund for the relief of the diseases and injuries of its members, to equip and maintain hospitals, employ physicians and surgeons, and purchase medical and hospital supplies. In the year of its organization, the association constructed and has ever since maintained a hospital, and two surgeons were placed in charge thereof, at slender and insufficient salaries which have never been increased; and in order to induce competent surgeons to accept these positions, the directors permitted them to admit patients, not members of the association, paying the association the regular and customary hospital charge, and paying the surgeon such fee as the two might agree upon. No non-member patient was ever admitted to the detriment of the member patients, and none of the funds of the association were applied to the treatment or maintenance of the non-member patients. *Held,* that the admission of the non-member patients was, by implication, within the general scope of the purposes of the association, and as there was no express restriction, the practice was not *ultra vires.*

*Error to Chaffee District Court, Hon. Charles A. Wilkin,
Judge.*

Mr. E. N. CLARK, Mr. R. J. LUCAS and Mr. T. M. STUART, JR., for plaintiffs in error.

Mr. G. K. HARTENSTEIN and Mr. H. L. MCGINNIS, for defendants in error.

Mr. Justice Garrigues delivered the opinion of the court.

ALL the officers and regular employes of the D. & R. G. Railroad Company constitute the members of an association or corporation, not for pecuniary profit, called The Denver & Rio Grande Railroad Company Employes' Relief Association, which was defendant below, and is plaintiff in error here. The association was established in 1888 under

section 224, p. 155, Gen. Laws, 1877.  The certificate filed in the office of the Secretary of State, states the purposes of the association are to collect monthly dues from the members, for the creation of a fund to be used for the employment of every proper and desirable agency in the treatment of all such injuries and disease of the members, as it may see fit to undertake; to build, lease or rent, furnish and equip hospitals; employ physicians and surgeons, and nurses, and to purchase medical and hospital supplies.

The constitution and by-laws provide that the general object of the association is to create a fund for the purpose of furnishing medical and surgical treatment to its members, under certain provisions and restrictions.  The membership is involuntary, and includes all officers and regular employes of the railroad company.  All contributing employes of the company are entitled to the benefit of the relief fund, members who work less than one-half a month, paying 25 cents, and those who work one-half or more, contributing 50 cents a month, which is deducted from their payroll, and turned over to the treasurer of the association.  This fund must be devoted exclusively to the payment of legitimate expenses, and the furnishing of relief to sick and disabled employes.  The treasurer of the railroad company is ex officio treasurer of the association, and disburses its funds under direction of a board of trustees consisting of eleven members, six of whom are chosen by the employes, and five are appointed by the general manager of the company.  These trustees have general supervision over the affairs of the association, and are required to make such rules and regulations respecting the treatment of patients in the hospitals, as they deem proper in furthering the objects of the association.  All hospital, and medical and surgical treatment are under the control and direction of the medical department of the D. & R. G. Railroad Company, the chief surgeon of which is *ex officio* chief surgeon of the association, and as such has the management of its hospitals, and medical service, and appointing of the medical staff.  The hospitals are required to be

open at all times for the reception of sick or injured employes, but to secure admission to the hospitals, and be entitled to the benefits of the relief fund, the applicant must be a contributing employe of the company. Any such employe, at his request, is entitled to be admitted to the hospital, where his board, care, and treatment, shall be free. The division surgeons have charge of the hospitals established in their respective divisions, and it is their duty to see that no patient remains in the hospital after he is in a condition to be discharged.

In 1888, the association constructed a hospital at Salida, in Chaffee county, which it has since maintained and operated. Two division surgeons were appointed to take charge of this hospital, one, the head surgeon, to receive a salary of $150.00, and the other $125.00 per month. These amounts have never been increased, because the funds of the association did not justify the payment of larger salaries. To induce competent surgeons to accept the positions, the chief surgeon and the board of trustees permitted them to take or admit non-member patients who paid to the association the regular or usual hospital charges, the operating surgeon being permitted to charge and collect from the patient a fee for the operation or treatment, the amount of which was a matter of agreement between the patient and doctor. No physician or surgeon is permitted to have patients or to operate at the hospital, except members of the hospital staff, and no non-member patient is admitted, to the detriment of any member patient. This system has been followed since 1888 to the present time.

This suit was brought in equity by defendants in error to enjoin plaintiffs in error from receiving or treating, medically or surgically, in the hospital at Salida, persons who are not members of the association. The court found with defendants below upon all disputed questions of fact, but entered judgment for plaintiffs' basing its decision entirely upon the certificate of incorporation filed with the Secretary of State, and holding as a matter of law that the reception of non-members into the hospital for medical or

surgical treatment was *ultra vires,* that is, was unlawful, and in violation of the charter powers of the association as evidenced by the certificate.

1. But one question will be considered: Is the admission and treatment of non-member patients at the association hospital at Salida, *ultra vires?*

No doubt the ultimate object of the association is to treat and care for injured members. There is nothing, however, in the certificate, constitution or bylaws, which provides that the hospital shall be for the exclusive use of the members of the association, or prohibiting the admission of non-members. The evidence shows that since its organization in 1888, the association has paid the members of the medical and surgical staff at the Salida hospital, very small salaries, and that the surgeons have accepted the positions under an agreement and understanding with the association authorities, that they should be permitted to take into the hospital, non-member patients, and collect from such patients medical and surgical fees for their services. No part of the association funds are expended upon such patients; they have been admitted only when there was ample room in the hospital for receiving and treating them, and no member patient has been neglected or inconvenienced by reason of their admission and treatment.

The receiving of such non-members as patients, was not carrying on or transacting a separate and distinct business from that for which the association was formed, and was not forbidden by the certificates, constitution or bylaws. We do not propose to enter into a lengthy discussion concerning the implied powers of such an association. We think under the circumstances of this case, that the treatment of non-members in the manner pursued, comes within the general scope of the purposes of the association, by implication, and there is no express restriction against it. The lower court erred in holding the act to *ultra vires.*

*Union M. Co. v. Rocky Mt. Bank,* 2 Colo. 248-256; 10 Cyc., pp. 1096-1097, 1155; 1 Cook on Corporations (7 Ed.),

Par. 3; *Gas & Fuel Co. v. Dairy Co.,* 60 O. St. 96, 53 N. E. 711.

The judgment is reversed and the cause remanded with directions to dismiss the action.

*Reversed and remanded.*

Decision *en banc.*

Mr. Justice Scott not participating.